### BRINLEY *vs.* TIBBETS.

If the party, entitled to repudiate a contract because it has not been performed in reasonable time, does any act which amounts to an admission of the existence of the contract, he cannot afterwards elect to treat it as void.

Thus, where one in possession of land not his own, bargained with the true owner for a title, and gave his promissory notes for the purchase-money, the owner stipulating in writing to give a deed in a reasonable time; which was not done; but the purchaser continued in possession, and afterwards sold his interest in the land, his grantee undertaking to procure and deliver up the notes;—it was held, in an action brought to recover payment of one of these notes, that the want of a seasonable delivery of the deed was cured by the subsequent conduct of the purchaser; and that he was bound to pay the notes; having his remedy still, on the contract to deliver the deed.

THIS was an action of *assumpsit*, brought to recover the amount of a promissory note dated *Oct.* 28, 1824, given by the defendant to the plaintiff, payable in one year; and it came before the court in a case stated by *Parris J.* from evidence adduced before him.

It appeared that the plaintiff was a citizen of Massachusetts, who owned land in *Starks* in this county, on a lot of which the defendant resided. The defendant contracted for the purchase of this lot, with *John Pitts*, Esq., the plaintiff's agent, giving him four promis-

Brinley *v.* Tibbets.

sory notes for the purchase-money, amounting in all to $305 60, of which the note in suit was one.   At the same time Mr. *Pitts* gave the defendant a written stipulation, signed by him as agent for the plaintiff, in which he undertook to procure from the plaintiff a warranty deed of the land, in the usual form, on the defendant's giving back a mortgage of the same to secure the payment of the purchase-money ; and that if the deed should not be procured by *Pitts,* the notes should be returned to the defendant.   The mortgage was accordingly prepared and executed by the defendant; who sent it, in *Nov.* 1825, with an order on Mr. *Pitts,* requesting him to receive the mortgage and his contract aforesaid, (which was also sent by the same messenger,) and deliver the deed ; or else return the notes.   His order was forthwith presented and demand made ; but Mr. *Pitts* declined to comply with it ; observing that he should have the deed ready at the register's office or at the defendant's house, by the first of sleighing, of all which the defendant had notice.

It further appeared that Mr. *Pitts* did not receive the deed from the plaintiff till late in the spring of 1826 ; and that forthwith, as soon as the roads were conveniently settled for travelling, he went to *Starks* to tender it to the defendant, but found that he had removed to a distant place.

The defendant continued to reside on the land till *March* 20, 1826 ; when he sold and conveyed all his interest in the land to one *Lovejoy,* for one hundred dollars, taking also his obligation to take up the notes held by the plaintiff, and give his own in their stead, if Mr. *Pitts* would relinquish the interest ; which, however, the latter declined to do.   The defendant at the same time stated to *Lovejoy* that he was to have had a deed of the lot in the *January* preceding ; but for some reason or other he did not obtain it.   *Lovejoy* entered under his deed, and has ever since remained in possession.

Upon the facts thus stated and proved, it was agreed that the court should enter judgment upon nonsuit or default, for the party entitled to recover.

*H. W. Fuller,* for the plaintiff.

*Cutler,* for the defendant.

The opinion of the Court was delivered in *Cumberland*, at the adjournment of *May* term, in *August* following, by

MELLEN C. J.  The note in suit is one of four given on the same day, viz. *Oct.* 28, 1824, for a certain lot of land, described in the receipt, given on the same day by *Pitts*, the agent of *Brinley*.  In this receipt and contract no time is specified, within which the deed therein described was to be procured by said *Pitts*, though the note in suit was made payable in one year from its date.  In the absence of such limitation the law requires that performance shall not be delayed beyond a reasonable time ;  and what is a reasonable time depends on circumstances : and on the facts of this case, it is question of law.  The deed in question had not been delivered when the action was commenced :  and surely much less than two years was a reasonable time, within which the deed was to have been procured ;  and, unless the defendant's own conduct has taken away his defence of this action, we are clearly of opinion that it cannot be maintained.  As the contract was made by *Pitts*, as agent of *Brinley*, who was well known to be an inhabitant of *Massachusetts*, we must give a construction to the contract signed by *Pitts*, so as to approach as near as we can to their understanding of it.  It is not to be supposed that *Pitts* was to go to *Massachusetts* on purpose to obtain the deed ; nor, when obtained, that he was bound to carry the deed to the defendant and deliver or tender it to him.  He was to procure the deed from *Brinley* ; and if the deed should not be procured by *Pitts*, the notes were to be returned to the defendant.  The case finds that a deed, conforming to the terms of the contract, was procured of the plaintiff, though not so soon as it should have been ; and when the agent of the defendant called for the deed, and could not obtain it, the defendant might at once have resisted the payment of the notes, though *Pitts* declined to deliver them up—and have considered himself as completely absolved from his engagements.  But though the defendant's agent notified him of his fruitless endeavor to obtain the deed or the notes, still the defendant gave no evidence of any disposition to rescind the bargain and reclaim his notes.  He continued in the peaceable possession of the premises under the contract, from the time it was made down

to the 20th of *March*, 1826, when he sold and conveyed all his right or interest in the land for one hundred dollars to *Lovejoy*, informing him that he was to have had his deed in the *January* previous, though for some reason he had not then got it. At the time of his purchase of *Tibbets*, *Lovejoy* gave him an obligation to take up the defendant's notes before mentioned, and give his own in lieu of them; it is true the exchange of notes was not made, but the fact is of importance to shew that the defendant considered the notes as in full force against him, and the bargain as unrescinded. It was in his power to waive all legal objections to the non-procurement of the deed in a reasonable time; and if he did so, he cannot now be permitted to urge it as a defence against the action. The deed is ready for him, and has been offered to him in court.—It is said that he sold only his improvements to *Lovejoy*, but as he held the possession until the sale of his interest to *Lovejoy*, under the contract of purchase made with *Pitts*, he was not entitled to the value of his improvements. This point has been distinctly settled in Massachusetts, and in this State. *Knox v. Hook*, 12 *Mass.* 329 ; *Shaw v. Bradstreet*, 13 *Mass.* 241 ; *Propr's Ken. Pur. v. Kavanagh*, 1 *Greenl.* 348. From the conduct of the defendant and *Lovejoy*, the most natural conclusion seems to be, that the subject of the transfer was the interest in the premises which the defendant had purchased of the plaintiff, or rather contracted for with *Pitts*, and for which he had given the notes; otherwise he would not have taken of *Lovejoy* an obligation to take up the notes ; as they were given for $305 60. On payment of the notes, the defendant can maintain an action for damages, if the plaintiff should refuse to deliver him a deed of the land according to the terms of the agreement; but to avoid expense and circuity of action, judgment on default will not be entered, until the deed before mentioned shall have been placed on the files of this court, expressly for the use of the defendant.